DAMOORGIAN, J.
 

 This appeal emanates from a search incident to an arrest in which John L. Smith was found to have cocaine in his possession ultimately leading to the charge of possession of cocaine with intent to sell within 1000 feet of a school. Smith filed a motion to suppress on the grounds that there was no probable cause to arrest him for violating the open container ordinance. The trial court denied the motion, after which Smith entered a no contest plea to the charge, reserving his right to appeal the trial court’s denial of his motion to suppress. We affirm.
 

 In this case, the officer observed Smith walk out onto a public sidewalk with a plastic cup in hand, take a couple of sips, and then walk back behind an apartment
 
 *774
 
 stairwell approximately four times. The officer testified that he briefly lost sight of Smith when he disappeared behind the stairwell. After observing this behavior, the officer decided to approach Smith. When he approached, he could smell the odor of an alcoholic beverage emanating both from Smith and his cup. He then placed Smith under arrest for violating the open container ordinance. During the police officer’s search of Smith incident to his arrest, the contraband leading to the drug charge was discovered.
 

 Based on this evidence, the trial court did not err in determining that the officer had probable cause to believe that there was alcohol in the beverage at the time he stepped on the public sidewalk in violation of the open container law. Although the officer briefly lost sight of Smith when he walked behind the stairwell, it was not unreasonable for the officer to believe that the beverage in the cup contained alcohol the entire time and that he did not add alcohol to the beverage after stepping behind the stairwell.
 
 See Curtis v. State,
 
 748 So.2d 370, 374 (Fla. 4th DCA
 
 2000)
 
 (“A finding of probable cause does not require absolute certitude. The test for probable cause is whether the facts and circumstances within an officer’s knowledge are sufficient to warrant a person of reasonable caution to believe that an offense has been committed.”). Accordingly, the trial court properly denied the motion to suppress.
 

 Affirmed.
 

 MAY and CIKLIN, JJ., concur.